UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL W.,[1]<br>　　　Plaintiff<br>v.<br>KILOLO KIJAKAJI, Acting Commissioner of Social Security,<br>　　　Defendant. | Case No. 2:21-cv-08100-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.　PROCEDURAL HISTORY

Plaintiff Michael W. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying his application for Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 4 and 12] and briefs [Dkts. 16 ("Pl. Br.") & 17 ("Def. Br.")] addressing disputed issues in the case. The matter is now ready for decision. For the reasons set forth below, the Court finds that this matter should be remanded.

---

[1]　In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed an application for SSI on April 3, 2019, alleging disability beginning August 4, 2008. [Dkt. 15, Administrative Record ("AR") 15, 158-65.] Plaintiff's application was denied at the initial level of review and on reconsideration. [AR 15, 88-90, 95-99.] A telephone hearing was held before Administrative Law Judge Paul Coulter ("the ALJ") on December 15, 2020. [AR 15, 32-55.]

On January 8, 2021, the ALJ issued an unfavorable decision applying the five-step sequential evaluation process for assessing disability. [AR 15-26.] *See* 20 C.F.R. § 416.920(b)-(g)(1). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the filing date of his application, April 3, 2019. [AR 17.] At step two, the ALJ determined that Plaintiff has the following severe impairments: diabetes mellitus; right shoulder rotator cuff injury, status post dislocation and surgery; asthma; bipolar disorder; major depressive disorder; and post-traumatic stress disorder ("PTSD"). [*Id.*] At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations. [AR 18.] *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 416.967(b), but Plaintiff is limited to: lifting, carrying, pushing, and pulling 20 pounds occasionally and 10 pounds frequently; standing and/or walking about 6 out of 8 hours; sitting about 6 out of 8 hours; pushing, pulling and reaching on the right overhead occasionally; and engaging in postural activities frequently. [AR 20.] In addition, Plaintiff can maintain attention and concentration to perform non-complex routine tasks and work in an environment with frequent changes to the work setting but should avoid crawling, ladders, ropes, scaffolds, and concentrated exposure to respiratory irritants such as fumes, odors, dust, and gases. [*Id.*] At step four, the ALJ determined that Plaintiff has no past

relevant work. [AR 24.] At step five, the ALJ found that Plaintiff could perform other work that exists in significant numbers in the national economy, including representative occupations such as Marker, Router, and Small Products Assembler I. [AR 25.] Based on these findings, the ALJ concluded that Plaintiff has not been disabled since the filing date of his application, April 3, 2019. [*Id.*]

The Appeals Council denied review of the ALJ's decision on August 24, 2021. [AR 1-6.] This action followed.

Plaintiff raises the following issues challenging the ALJ's findings and determination of non-disability:

    1. The ALJ failed to properly assess Plaintiff's subjective testimony. [Pl. Br. at 2-6.]

    2. The ALJ failed to properly consider medical opinion evidence. [Pl. Br. at 6-7.]

The Commissioner asserts that the ALJ's decision is supported by substantial evidence and should be affirmed. [Def. Br. at 1-9.]

### III.  GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence … is 'more than a mere scintilla' … [i]t means – and only means – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) ("[s]ubstantial evidence is more than a mere scintilla but less than a preponderance") (internal quotation marks and citation omitted).

The Court will uphold the Commissioner's decision when "'the evidence is susceptible to more than one rational interpretation.'" *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). However, the Court may review only the reasons stated by the ALJ in the decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or that, despite the error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV. DISCUSSION

Plaintiff contends the ALJ failed to properly consider his subjective symptom testimony concerning his mental impairments. [Pl. Br. at 4-6.] As discussed below, the Court agrees with Plaintiff and finds that remand is appropriate.

In evaluating a claimant's subjective symptom testimony, an ALJ must engage in a two-step analysis. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); 20 C.F.R. § 416.929. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment, 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). Second, if the claimant meets the first step and there is no evidence of malingering, "'the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ must specifically identify the symptom testimony that is being rejected and the "facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284; *see also* Soc. Sec. Ruling 16-3p Titles II &

XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3P, 2017 WL 5180304, *4 (S.S.A. Oct. 25, 2017) (explaining that the ALJ must "evaluate the intensity and persistence of [the] individual's symptoms ... and determine the extent to which [those] symptoms limit [his] ... ability to perform work-related activities ....").

Here, Plaintiff testified that he had been suffering from depression since the death of his infant son in 1993. [AR 39-41.] Plaintiff reported four suicide attempts with hospitalizations. [AR 41-42.] Plaintiff stated that medication (Abilify and Zoloft) helped his symptoms, but he still has thoughts of suicide. [AR 44, 49.] Plaintiff also testified that the side effects from his medications include racing thoughts, extreme drowsiness, inability to remain still, anxiety, nervousness, and problems with zoning out and focusing. [AR 44-46, 48-49.] Plaintiff stated that he needs to lie down or take naps two to three times a day. [AR 45-46.]

The ALJ offered only one reason for discounting Plaintiff's subjective symptom testimony—the lack of objective medical evidence. [AR 22-23.] The ALJ stated that although Plaintiff's mental impairments could reasonably be expected to cause some of Plaintiff's alleged symptoms, Plaintiff's subjective complaints were unsupported by the objective record. [AR 23 ("[a]lthough the evidence supports functional limitations regarding concentrating, persisting, or maintaining pace and adaption, the record does not reflect that such limitations would preclude all work" and "[t]he undersigned finds that the claimant's ongoing depression and post-traumatic stress disorder (PTSD) warrant functional limitations, however, with regard to work setting, the overall record does not support greater restriction than captured in the above residual functional capacity"). While objective medical evidence is a useful factor to consider in evaluating the intensity and persistence of symptoms, the lack of corroborating medical evidence cannot provide the sole basis for rejecting subjective symptom testimony. *See Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017) ("an ALJ 'may not disregard [a claimant's testimony] solely because it is not substantiated affirmatively by objective medical evidence'")

(quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *see also* SSR 16-3p, 2017 WL 5180304 at *5 ("We will not evaluate an individual's symptoms based solely on objective medical evidence unless that objective medical evidence supports a finding that the individual is disabled.").

Defendant asserts that the ALJ discussed another valid reason for discounting Plaintiff's testimony—the record did not reflect Plaintiff's complaints about the side effects of medication. [Def. Br. at 4.] Defendant's argument, however, mischaracterizes the ALJ's decision. *See Orn*, 495 F.3d at 630; *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (error to affirm ALJ's credibility decision based on reasons not cited by the ALJ). The ALJ did not cite Plaintiff's failure to complain about medication side effects or suggest that Plaintiff's testimony was inconsistent with his reports to his doctors. Rather, the ALJ's analysis focused on the perceived inconsistency between Plaintiff's reported side effects and the objective medical evidence, which cannot form the sole basis for discounting Plaintiff's testimony. [AR 23 ("the record does not reflect this level of medication side effect to warrant this level of limitation").] *See Trevizo*, 871 F.3d at 679; *Robbins*, 466 F.3d at 883.

The Court is unable to conclude that the ALJ's errors in evaluating Plaintiff's subjective complaints were "harmless" or "inconsequential to the ultimate non-disability determination." *Brown-Hunter*, 806 F.3d at 492.

Remand is appropriate, as the circumstances of this case suggest that further administrative proceedings could remedy the ALJ's errors. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101, n.5 (9th Cir. 2014) (remand for further administrative proceedings is the proper remedy "in all but the rarest cases"); *Harman v. Apfel*, 211 F.3d 1172, 1180-81 (9th Cir. 2000) (remand for further proceedings rather than for

the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record").

Having found that remand is warranted, the Court declines to address Plaintiff's remaining issue. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

## V.  CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED:  January 23, 2023

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE